**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST** ) | **CASE NO.  1:07CV219** |
| **COMPANY AS TRUSTEE, etc.,** ) | |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **vs.** ) | |
| ) | |
| **TANIKA OVERBY,** ) | **OPINION AND ORDER** |
| ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #13) for Summary

Judgment of Plaintiff, Deutsche Bank National Trust Company as Trustee ("Deutsche").  For

the reasons that follow, the motion is granted.

**I. FACTUAL BACKGROUND**

On October 26, 2005, Defendant Tanika Overby ("Overby") executed a Promissory

Note and executed and delivered a Mortgage to secure amounts due on the Note.  Deutsche is

the holder and owner of the Note and Mortgage.  The Mortgage conveys to Deutsche property

commonly known as 734 East 118th Street, Cleveland, Ohio 44108, Permanent Parcel No.

110-03-016.  Deutsche brought this Complaint on January 25, 2007, alleging Overby is in

default under the terms and conditions of the Note and Mortgage.  Service was perfected and

Overby answered the Complaint on February 10, 2007.  On February 22, 2007, Deutsche filed

its Motion for Summary Judgment against Overby.  At the Case Management Conference on

February 23, 2007, the Court was advised the parties would pursue the possibility of an out-

of-court resolution.  Further, the Court granted Overby forty-five days, or until April 6, 2007,

within which to file her Opposition Brief to the Motion for Summary Judgment.  Despite

being allowed more than the standard time for response, in a document entitled "Brief in

Opposition" (ECF DKT #16), filed on March 10, 2007, Overby requested an extension of

time under Fed. R. Civ. Proc. 56(f).  In any event, to date, Overby has still not filed any

opposition to the summary judgment; nor have the parties advised the Court of any agreement

of forbearance or re-financing.

## II. LAW AND ANALYSIS

A summary judgment should be granted only if  "the pleadings, depositions, answers

to interrogatories, written admissions, affidavits, transcripts of evidence, and written

stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law."  See,

Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the absence of a

genuine issue of material fact.  *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

burden then shifts to the nonmoving party to come forward with evidence showing there is a

genuine issue for trial.  *See, Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).  "The

evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in

his favor."  *Id.* at 255.

-2-

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired."  The district court's power to grant dispositive motions because they are unopposed is firmly settled.  *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000)).  A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit.  *Cacevic, id.*

Deutsche submits the affidavit of its loan servicing agent, which establishes that Deutsche is the owner and holder of the Promissory Note and Mortgage and is entitled to enforce its right under them; that Tanika Overby signed the Promissory Note, promising to make monthly payments on or before the date such payments were due; that the Mortgage conveyed to Deutsche the property commonly known as 734 East 118th Street, Cleveland, Ohio 44108, Permanent parcel No. 110-03-016; that monthly payments were not made; that written notice of default was given; that the sums due under the Note were accelerated; and that there is due and owing on the Note, principal in the amount of Eighty-Two Thousand Sixty-Nine Dollars and Fifty-Five Cents ($82,069.55), plus interest on the unpaid principal at the rate of 7.35 % per annum from September 1, 2006.

Because Defendant Overby has failed to file any response to the Motion of Plaintiff Deutsche for Summary Judgment, the facts in Deutsche's supporting affidavit are unrefuted. Deutsche is, therefore, entitled to summary judgment in its favor as a matter of law.  Fed. R. Civ. P. 56(c); Local Rule 7.1(g).

### III. CONCLUSION

For the foregoing reasons, judgment is granted in favor of Plaintiff Deutsche and against Defendant, Tanika Overby, for the principal amount due on the Note in the amount of Eighty-Two Thousand Sixty-Nine Dollars and Fifty-Five Cents ($82,069.55), plus interest on the outstanding principal balance at the rate of 7.35 % per annum from September 1, 2006, and costs.  If this judgment is not satisfied within ten (10) days, Plaintiff Deutsche may file its Proposed Decree in Foreclosure and Motion for Order of Sale and Appointment of Master Commissioner in accordance with the terms of Amended General Order No. 2006-16.

**IT IS SO ORDERED.**

**DATE: May 25, 2007**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

-4-